**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-7660

PETER JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-92-446, CA-97-2400-18-2)

Submitted: August 17, 1999

Decided: September 22, 1999

Before ERVIN,* MICHAEL, and MOTZ,
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Peter Johnson, Appellant Pro Se. Robert Hayden Bickerton, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

_____

*Judge Ervin participated in the consideration of this case but died
prior to the time the decision was filed. The decision is filed by a quorum
of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Peter Johnson appeals the district court's order denying relief on his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999), and the district court's order denying his motion filed under Federal Rules of Civil Procedure 59(e) and 60(b). The district court denied § 2255 relief because it found that the motion was not filed within the applicable one-year limitation period. See 28 U.S.C.A. § 2255. Because we find that Johnson's § 2255 motion was timely filed, we vacate the district court's order denying § 2255 relief and remand for further proceedings.

Johnson was convicted of conspiracy to distribute and possess with intent to distribute drugs in 1993. He was sentenced to 310 months incarceration. This court affirmed his conviction and sentence in an opinion dated August 10, 1995, see United States v. Capers, 61 F.3d 1100 (4th Cir. 1995); the mandate issued on September 13, 1995. Johnson filed a petition for a writ of certiorari in the United States Supreme Court. The Supreme Court denied the petition on May 20, 1996. See Capers v. United States, 517 U.S. 1211 (1996). Johnson then filed a timely petition for rehearing in the United States Supreme Court; the Supreme Court entered an order denying the rehearing petition on August 5, 1996. See Capers v. United States, 518 U.S. 1039 (1996).

The district court reasoned that Johnson's conviction was final on September 13, 1995, the date on which this court's mandate issued affirming Johnson's conviction, and it found that Johnson's § 2255 motion was filed on August 11, 1997. Because it therefore determined that Johnson's § 2255 motion was not filed within one year of the date his conviction became final, the court granted the United States' motion for summary judgment and denied § 2255 relief.

2

We first note that Johnson's § 2255 motion is considered filed when he delivered the motion to prison officials for forwarding to the district court. See Houston v. Lack, 487 U.S. 266, 270-76 (1988). Johnson's motion was signed on August 5, 1997, and there is nothing in the record to suggest a different mailing date. Thus, we consider August 5, 1997, the date of filing. Further, we find that Johnson's conviction became final when the United States Supreme Court denied Johnson's timely petition for rehearing on August 5, 1996. Therefore, Johnson did file his § 2255 motion within one year of the date on which the judgment of his conviction became final. See 28 U.S.C.A. § 2255.

Accordingly, we grant a certificate of appealability, vacate the district court's order, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3